PEOPLE ex rel. JANES v. STILLINGS et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

MUNICIPAL CORPORATIONS (§ 402*)—CHANGE OF STREET GRADE—DAMAGES—
    GRADE DAMAGE COMMISSION—JURISDICTION.

Laws 1893, p. 1156, c. 537, as amended by Laws 1894, p. 1307, c. 567, established a commission to award damages to landowners for the change of grade of streets in the Twenty-Third and Twenty-Fourth wards of New York City, made pursuant to Laws 1868, p. 1982, c. 841, Laws 1874, p. 432, c. 329, Laws 1874, p. 831, c. 604, Laws 1876, p. 461, c. 436, Laws 1887, p. 937, c. 721, or Laws 1892, p. 685, c. 329, but limited the right, with certain exceptions, to changes of street grades shown on maps filed pursuant to Laws 1887, p. 937, c. 721, which authorized the park department to agree with a certain railroad company for the abolition of grade crossings and to file maps showing grades agreed on. Under the act of 1887, a map of grades agreed on was filed in 1889. Laws 1890, p. 965, c. 545, created the office of commissioner of street improvements for the Twenty-Third and Twenty-Fourth wards, with the powers theretofore had by the park department, and directed him to lay out the streets in those wards and file grade maps thereof. *Held*, that a change of grade of W. and St. A. avenues shown on a map filed by the street commissioner in 1894 under authority of the act of 1890 was not within the jurisdiction of the grade damage commission, grades established under that act not being mentioned in the statute conferring jurisdiction; nor could the street commissioner's map be deemed filed under the act of 1887 by reason of the transfer to him of the powers of the park department by the act of 1890; nor could the grades of W. and St. A. avenues shown by the commissioner's map be held to be established by a map filed under authority of the act of 1887 because a working map, never filed, from which the park department map of 1889 was taken, showed the same grades as the street commissioner's map, where the park department map made no change of grade in W. and St. A. avenues.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 971; Dec. Dig. § 402.*]

Certiorari by the People of the State of New York, on the relation of Henry E. Janes, as administrator de bonis non of Edward R. Janes, deceased, against William E. Stillings, chairman, and another, surviving commissioners, to review proceedings of the commissioners dismissing a claim for damages. Affirmed, and writ dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Barclay E. McCarty (Jared G. Baldwin, Jr., and John M. Harrington, on the brief), for relator.

Theodore Connoly (Francis K. Pendleton, Corp. Counsel, Terence Farley, and Stephen O'Brien, on the brief), for respondents.

CLARKE, J. The relator owns property lying between St. Ann's avenue, Westchester avenue, Brooke avenue, and East 149th street in the borough of the Bronx, and filed a claim for damages alleged to have been caused to said property by the elevation of the grades of St. Ann's avenue and Westchester avenue. The Port Morris Branch of the New York & Harlem Railroad passes under St. Ann's and Westchester avenues at this point. The sole question involved is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the change of grade damage commission has jurisdiction in the premises.

We have lately had occasion to consider the statutes under which the commission acts in People ex rel. Astor v. Stillings, 124 App. Div. 195, 108 N. Y. Supp. 903, and confine our examination to the precise point involved. By chapter 567, p. 1307, of the Laws of 1894, chapter 537, p. 1156, of the Laws of 1893, providing for the change of grade damage commission, was amended so as to read:

"All persons owning lands, tenements or hereditaments in 157th street, formerly Prospect street, or in any other street or avenue in the Twenty-Third or Twenty-Fourth wards in the city of New York, which lands, tenements or hereditaments have sustained damages or will sustain damages, by reason of the change of grade of any street or avenue, which change was made in conformity with the provisions of chapter 841 of the Laws of 1868, chapters 329 and 604 of the Laws of 1874, chapter 436 of the Laws of 1876, chapter 721 of the Laws of 1887, or chapter 329 of the Laws of 1892, * * * shall be entitled to prove and recover the same from the mayor. aldermen and commonalty of the city of New York, as hereinafter provided; provided, however, that as to lands and buildings fronting on any street or avenue except fronting on 157th street, the benefits of this act shall be limited to the area within which grades are changed as shown on any map filed pursuant to chapter 721, p. 937, of the Laws of 1887."

It is conceded that unless the damage to the property in question was caused by change of grade shown on a map filed pursuant to chapter 721, p. 937, of the Laws of 1887, the action of the commissioners in rejecting the claim for want of jurisdiction was proper. Said act of 1887 authorized the department of public parks to agree with the New York & Harlem Railroad Company upon plans for the depression of the tracks and changing the grades of the railroads of the New York & Harlem Company, and carrying any streets in the Twenty-Third and Twenty-Fourth wards across and over, or under, said railroads, which plans when so agreed upon should be executed and carried out forthwith by said railroad company at their expense, and the grades of the streets so agreed on for the crossing of said railroads should be the established grades of such streets, and, in furtherance of the powers thereby conferred, the park department was granted the power to alter, amend, or revise any map or maps, plan or plans, hereafter or heretofore adopted by said department according to law, and to make and file new maps or plans to the extent deemed proper in order to show such alteration, amendments, and revision.

On the 9th of July, 1889, the park department and the New York & Harlem Railroad Company entered into an agreement for the depression of the tracks and changing the grades of that portion of the Port Morris Branch of the New York & Harlem Railroad, between East 156th street and the main line of said railroad at East 165th street, as shown on a map entitled:

"A plan for the depression of the tracks and changing of grades of that portion of Port Morris Branch of the New York & Harlem Railroad from East 156th street to the junction with the main line at East 165th street, temporary adjustment at Westchester avenue, and carrying certain streets, avenues and roads, boulevards, and parkways in the Twenty-Third ward over said railroad, showing the grades of the streets, avenues, boulevards, parkways for the crossing of said railroad, in pursuance of chapter 721 of the Laws of 1887. Dated New York, May 3, 1888."

This map was certified and acknowledged by the president of the board of parks on the 13th of March, 1889, and was duly filed. The agreement provided:

"That the grade of said railroad at Westchester avenue shall be altered so that the same shall be fifteen feet at said avenue, being the present grade at said avenue, said adjustment of the grade being temporary only."

And the map shows that there was no change in the grade of the streets made thereby at Westchester and St. Ann's avenues.

By chapter 545, p. 965, of the Laws of 1890, the office of commissioner of street improvements for the Twenty-Third and Twenty-Fourth wards was created. It was provided that he should have the exclusive power to locate and lay out, construct, and maintain all streets, roads, avenues, and public squares and places within the Twenty-Third and Twenty-Fourth wards of the city of New York, the exclusive right to construct and maintain all bridges, tunnels, sewers, streets, roads, avenues, public squares, and places located and laid out therein, and except only as thereinafter provided should have the exclusive power to establish the width and grades of all such streets, roads, avenues, and public squares and places, so laid out, and should exclusively possess, exercise, and be invested with all the powers, rights, duties, and authority in relation to said streets which, prior to the passage of the act, were conferred upon, possessed, and exercised by the department of public parks, except that the several surveys, maps, plans, and profiles of streets, roads, avenues, public squares, and places within the said territory which have been made, laid out, and filed by the department of parks by any law authorizing the same, should not be altered, amended, or modified by the commissioner, except by and with the concurrence of a majority of the board of street opening and improvements. The said commissioner was required within a time specified to complete the surveys, maps, plans, and profiles of all the streets, roads, avenues, public squares, and places located and laid out, or hereafter to be located and laid out, in said territory, showing the location, width, grades, and classes of said streets, roads, avenues, public squares, and places, and submit the same to the board of street opening and improvements for its concurrence and approval, and provide for the filing of the maps and profiles, and the said maps, plans, and profiles when so filed should not be subject to any future change or modification, but should be final and conclusive as to the location, width, grade, and class of the streets, roads, avenues, public squares, and places exhibited on such maps.

This act, which created this new officer, conferred upon him extensive powers in the establishment of a definitive street system in the vast territory within the Twenty-Third and Twenty-Fourth wards which was in process of development from a country to a city community. It provided for a time limit for the establishment of this street system and, when concurred in by the board of street opening and improvements, made the maps, plans, and profiles adopted final and conclusive. This law had been for some years upon the statute books when chapter 537, p. 1156, of the Laws of 1893 and its amendatory act (chapter 567, p. 1307, of the Laws of 1894), providing for the

change of grade damage commission, was passed. The act of 1894 enumerated a number of acts affecting changes of grade, but this act of 1890 was carefully excluded from said enumeration; and not only that, but the proviso in chapter 567, p. 1307, of the Laws of 1894, that as to lands fronting on any street or avenue, except 157th street, the benefits under this act should be limited to the area within which grades were changed, as shown on any map filed pursuant to chapter 721, p. 937, of the Laws of 1887, shows how careful the Legislature was to exclude from the jurisdiction of the grade damage commission any consideration of the damages caused by changes of grade made by the commissioner of street improvements in the exercise of the powers conferred upon him, and the maps, plans, and profiles filed by him with the concurrence of the board of street opening and improvements.

The present grades of Westchester and St. Ann's avenues, of which the relator complains, were established and shown upon the map filed on the 21st of March, 1894, and certified by the commissioner of street improvements, approved by the board of street opening and improvements, and there is no other map on file establishing those grades; and that map, upon its face, states that it is prepared under authority of chapter 545 of the Laws of 1890, and it must have been so prepared and filed, because it was that act which provided for this new officer, conferred upon him his powers, and provided how he should exercise them with the concurrence of the board of street opening and improvements, and affixed the consequences thereto.

The relator claims that because by the act creating him there were transferred to him the powers and jurisdiction of the commissioners of the park department formerly existing by authority of law, this map must be construed to have been filed under chapter 721, p. 937, of the Laws of 1887. If that construction is sound, it would seem to follow then that every alteration of the grade of a street heretofore or hereafter made in the Twenty-Third and Twenty-Fourth wards would authorize a claim for damages against the city and give the damage grade commissioners jurisdiction thereof, and the careful limitations of the act providing for said commission would be repealed sub silentio. Such contention cannot be sustained.

The relator claims further that because upon a large working drawing, from a part of which it is claimed the map filed by the park department on the 13th of March, 1889, was taken, there was shown the same grades as those now apparent on the map filed by the commissioner of street improvements, on the 21st of March, 1894, that these grades were established under a map filed under chapter 721, p. 937, of the Laws of 1887. The answer is conclusive that the said working plan was never filed, and that the plan which was filed did not show the present grades, but, on the contrary, showed that Westchester avenue and St. Ann's avenue were continued at the grade at which they then were.

We therefore reach the conclusion that the commissioners did not have jurisdiction of the claim filed by the relator, and that the order dismissing said claim was right and should be affirmed, and the writ of certiorari dismissed, with $50 costs and disbursements. All concur.